**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**In Re: N.K. & K.K.**

**FILED**

November 24, 2014
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**No. 14-0714** (Wood County 12-JA-142 & 12-JA-143)

**MEMORANDUM DECISION**

Petitioner Mother, by counsel Joseph Troisi, appeals the Circuit Court of Wood County's June 24, 2014, order denying her post-termination visitation with her four-year-old daughter, N.K., and her seven-year-old daughter, K.K. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee A. Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem, Courtney Lynee Ahlborn, filed a response on behalf of the children supporting the circuit court's order. On appeal, Petitioner Mother alleges that the circuit court erred in denying her post-termination visitation with her children because such visitation is in the children's best interest.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2012, the DHHR received a referral after Petitioner Mother's three-year-old son arrived at the Camden Clark Medical Center Emergency Room with various bruises all over his body. The medical staff determined that he had a ten-millimeter brain shift. As a result, the boy was life-flighted to Ruby Memorial Hospital in Morgantown, West Virginia where he died several days later.[1] As a result, the DHHR filed a petition for emergency custody of the subject children against Petitioner Mother. The DHHR also alleged that Petitioner Mother's home was in a deplorable condition and that she did not have running water.

In October of 2012, the circuit court granted N.K. and K.K.'s biological father increased visitation with his children pursuant to a safety plan that directed him not to allow Petitioner Mother to have any contact with the children. By order entered on December 5, 2012, the circuit court granted the children's father custody of N.K. and K.K. consistent with its prior safety plan. Petitioner Mother was granted supervised visitation with her children.

---

[1]Petitioner Mother's boyfriend pled guilty to one count of death of a child by a parent or guardian.

1

In February of 2013, the DHHR filed two amended petitions for abuse and neglect alleging that Petitioner Mother had unapproved contact with her children, in violation of the circuit court's December 5, 2012, order. On August 22, 2013, an adjudicatory hearing was held during which several witnesses testified, including Petitioner Mother. After considering the testimony, the circuit court found that Petitioner Mother was an abusive and neglectful parent for failing to provide her deceased son with proper medical care. In January of 2014, the circuit court held a dispositional hearing. Ultimately, the circuit court terminated Petitioner Mother's parental, custodial, and guardianship rights to her surviving children because she failed to accept that her boyfriend physically abused her son despite the fact that he pled guilty in his criminal case. Importantly, Petitioner Mother admitted that she used marijuana on days that she visited her children, used Xanax and Klonopin without a valid prescription during the proceedings, and violated the circuit court's orders throughout the underlying proceedings. By order entered on April 22, 2014, the circuit court denied Petitioner Mother's motion for post-termination visitation. The circuit court held that it was not in the children's best interest because the abuse resulted in the death of a child, and Petitioner Mother "has not fully accepted her responsibility in the death of [her son]," or her boyfriend's actions, despite the fact that he admitted to his actions.[2] It is from this order that Petitioner Mother appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, Petitioner Mother argues that the circuit court erred in denying her motion for post-termination visitation and contact. Petitioner Mother states that visitation is in the best interest of the children. In support of her position, she submits that she consistently visited with her children throughout the proceedings, that her visitations "went very well," and that she had a good relationship with her children.

---

[2]By order entered on June 24, 2014, the circuit court re-entered its order for the purpose of this appeal.

Upon our review, we find no error in the circuit court's order denying Petitioner Mother post-termination visitation and contact with her children. The record clearly shows that Petitioner Mother failed to admit any responsibility for the death of her son and refused to acknowledge that her boyfriend was the perpetrator despite the fact that he pled guilty to one count of death of a child by a parent or guardian. There is no evidence that visitation or continued contact between Petitioner Mother and her children would be in the children's best interests or would not be detrimental to their well-being. Petitioner Mother admitted that she used marijuana on days that she visited her children, used Xanax and Klonopin without a valid prescription during the proceedings, and violated the circuit court's orders throughout the underlying proceedings. Petitioner Mother also testified that she declined to receive treatment for her marijuana addiction. For these reasons, the Court finds no error in the circuit court's order denying Petitioner Mother post-termination visitation and contact.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: November 24, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3